IRVING, P.J.,
for the Court:
¶ 1. Randy Wayne Parks, owner of RP Auto, LLC, performed repairs on a 2006 Ford Expedition owned by Matt and Holli Brown. The Browns later filed suit against Parks and RP Auto, alleging negligent repair of their vehicle. Following a bench trial, the Union County Circuit Court found for Parks and RP Auto. Feeling aggrieved, the Browns appeal and argue that: (1) the circuit court’s judgment is legally insufficient and against the weight of the evidence; (2) the circuit court erred in finding that there was inadequate proof of the vehicle’s value; and (3) the circuit court made erroneous factual findings.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. In 2009, the Browns’ vehicle began making a “rattling” noise. The Browns took the vehicle to Long-Lewis, a Ford dealership in Corinth, Mississippi. Long-Lewis determined that the vehicle’s cam phasers were defective and quoted the Browns $1,750 to replace them.
¶ 4. Unhappy with the quote they received from Long-Lewis, the Browns took their vehicle to Parks, an independent mechanic doing business as RP Auto in New Albany, Mississippi. Parks agreed to replace the cam phasers for $1,000. Parks performed the work; however, he determined that the source of the noise had been the timing-chain tensioner rather than the cam phasers. The Browns paid *875 Parks $1,200, which included the additional cost of the tensioner replacement.
¶5. The same day the Browns picked the vehicle up, they took it on a trip to Louisiana, a distance of approximately three hundred miles. On the way home, the engine began “clattering and shaking,” which was a new problem. The Browns returned the vehicle to Parks. Parks worked on the vehicle for over three weeks, but was unable to remedy the issue. Parks concluded that the vehicle had “electrical problems,” and as the Browns were unwilling to pay him for any of the additional work, he recommended that they take their vehicle to a Ford dealership.
¶ 6. The Browns took the vehicle back to Long-Lewis. The dealership’s mechanics completed over $3,100 worth of repairs on the vehicle. Long-Lewis determined that, after its repairs, the engine was mechanically sound, but the vehicle still suffered from a short circuit. Long-Lewis opined that the source of the problem was damage from negligent repair, and it recommended a full replacement of the engine and various wiring assemblies at a cost of approximately $8,500. The Browns declined. Later, the engine “locked up” or “blew up” as the Browns were driving the vehicle to meet an interested buyer. Ultimately, they traded the vehicle in at Long-Lewis and used the proceeds to purchase another vehicle.
¶ 7. Additional facts, as necessary, will be related during our analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 8. “The standard of review of a judgment entered following a bench trial is well-settled [sic].” City of Jackson v. Presley, 40 So.3d 520, 522 (¶ 9) (Miss.2010). A circuit judge sitting without a jury is “entitled to the same deference accorded to a chancellor, that is, we will uphold the [circuit judge’s] findings of fact, so long as they are supported by ‘substantial, credible, and reasonable evidence.’ ” Id. (quoting City of Jackson v. Brister, 838 So.2d 274, 277-78 (¶ 13) (Miss.2003)). However, questions of law are reviewed de novo. Id.
¶ 9. While the Browns raise multiple issues on appeal, those issues are related to the single issue of whether the circuit court’s judgment is supported by substantial evidence, and we will focus our discussion accordingly.
¶ 10. At trial, the Browns were represented by counsel, but Parks appeared pro se. Parks limited his defense to cross-examining witnesses; he did not testify or offer evidence. Nonetheless, the circuit court found that the Browns had failed to present sufficient proof that Parks had caused the damage to their vehicle. Because the Browns had alleged that Parks negligently repaired their vehicle, they carried the burden of proving the four basic elements of a negligence claim: (1) duty, (2) breach of that duty, (3) causation, and (4) damages. Weathersby Chevrolet Co. v. Redd Pest Control Co., 778 So.2d 130, 133 (¶ 8) (Miss.2001).
¶ 11. Other than their own testimony, the Browns offered a single witness: Benny Carter, the shop foreman at Long-Lewis. Carter testified as an expert “master mechanic” and opined that the damage to the Browns’ vehicle was the result of negligent repair. However, he further testified that he did not know who had worked on the vehicle before the Browns brought it back to Long-Lewis. Further, Carter admitted that even after Long-Lewis’s extensive repairs, an electrical problem remained and that the vehicle could not be returned to good working *876 order. Carter explained that the vehicle’s engine wires were cut and crushed, presumably by someone attempting to locate a short circuit. However, Carter admitted that replacement of the cam phasers would not require a mechanic to “play[ ] with the wires.”
¶ 12. The circuit court concluded that the cause of the vehicle’s ultimate engine failure had never been identified, and, therefore, the Browns had failed to establish a causal connection between the damage to their vehicle and Parks’s work. Based on our review of the record, we find that the circuit court’s decision is supported by substantial evidence. Thus, the circuit court did not err in finding that Parks and RP Auto were not negligent. This issue is without merit.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ„ CONCUR.